# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | |
|---|---|
| KEITH MITAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:04-22224-CMC-BM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| KARA GORMLEY; AND ) | |
| COSMOS BROADCASTING ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This action has been filed by the Plaintiff, pro se, asserting a state law cause of action for defamation. The Defendant Cosmos Broadcasting Corporation ("Cosmos")[1] filed a motion for summary judgment on January 28, 2005. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on February 3, 2005, advising Plaintiff of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted. Plaintiff thereafter filed a memorandum in opposition to the Defendant's motion

---

[1] An additional Defendant, Kara Gormley, has also been named as a party Defendant in this case. However, there is no indication in the file that Gormley has ever been served with process, nor has Gormley made an appearance in this case. The Court further notes that the amended Complaint filed by the Plaintiff in this action on November 30, 2004 only contains a certificate of service showing service on counsel for the Defendant Cosmos Broadcasting Corporation. There is no record of the amended Complaint having been served on the Defendant Gormley.

1

on March 9, 2005, following which a reply memorandum was filed by the Defendant on March 17, 2005. Defendant's motion is now before the Court for disposition.[2]

**Background**

The underlying facts in this case are not in dispute. The Plaintiff and his brother were the subjects of a news story broadcast on WIS-TV on September 24, 2002. WIS-TV is owned by the Defendant Cosmos, a television broadcasting company, which is in turn a wholly owned subsidiary of Liberty Corporation ("Liberty"). A transcript of the news story was posted on the WIS-TV website that same date.

Plaintiff is a resident of the State of Michigan, and on September 24, 2003 he filed a defamation action against Liberty, WIS News 10, and Kara Gormley in Michigan state court. Service was effected on the Defendant Liberty on December 23, 2003, following which Liberty removed the case to the United States District Court for the Eastern District of Michigan. Liberty subsequently filed a motion for summary judgment based on Michigan's one (1) year statute of limitations for defamation actions, and the motion was granted by the District Court on September 21, 2004. The Court's order granting Defendant's motion noted that the dismissal was with prejudice. Mitan v. Liberty Corp., et al., C/A No. 04-70129 (E.D.Mich. September 21, 2004). Plaintiff did not appeal the District Court's dismissal of that case.

Plaintiff filed the instant action in the United States District Court for the District of South Carolina on September 15, 2004, which was the same day the Michigan District Court held

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2

a hearing on the Defendant's motion for summary judgment and issued a verbal ruling that the case would be dismissed with prejudice based on Michigan's one (1) year statute of limitations.[3] The instant action contains the same claims as were asserted in the Michigan case. Defendant asserts in its motion that it is entitled to summary judgment in this case because Plaintiff's claims are barred by the doctrine of res judicata.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

"Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action". Parklane

---

[3] Plaintiff's South Carolina Complaint, while filed September 15, 2004, is dated September 14, 2004.

Hosiery Co. v. Shore, 439 U.S. 322, 326, n. 5 (1979). Defendant's motion involves the issue of claim preclusion, which is part of the doctrine of res judicata, and which refers to the preclusive effect of a judgment in foreclosing litigation of matters which were or should have been raised in an earlier lawsuit. Briggs v. Newberry County Sch. District, 838 F.Supp. 232, 233-234 (D.S.C. 1992), aff'd, 989 F.2d 491 (4th Cir. 1993). In order for claim preclusion to apply, three elements must be shown: 1) identity of the parties or their privies; 2) identity of the subject matter of the litigation; and 3) a final determination on the merits of the claim in the former proceeding. Briggs, 838 F.Supp. at 235; Board of County Rd. Com'rs v. Shultz, 521 N.W.2d 847, 850 (Mich.App. 1994). Here, the identity of the subject matter of the litigation is clearly the same. The question is whether elements one and three have been met so as to bar this action.

        Plaintiff argues that the decision in the Michigan case is not entitled to res judicata effect in the case at bar because the Defendant here, Cosmos, was never a party in that prior action (and therefore the two cases do not involve the same parties or their privies), and also because the dismissal of his Michigan case was not a determination on the merits for purposes of res judicata. After careful consideration of the arguments presented, the undersigned finds and concludes that, whatever the nature of privity between Cosmos and Liberty[4], Defendant's motion must be denied

---

[4]With respect to the issue of identity or privity of the parties, Plaintiff notes that the Defendant in this case is Cosmos, which was not a Defendant in his Michigan case. Therefore, he argues that different parties are involved in this litigation. Defendant argues that Cosmos is a wholly owned subsidiary of Liberty, the Defendant in the Michigan case, and is therefore clearly in privity with Liberty. Defendant is correct that wholly owned subsidiaries can be found to be in privity with their parent company for purposes of claim preclusion; however, such a finding is not automatic. Such a finding depends on the functional relationship between the companies. *Cf.* Hartford Acc. & Indem. v. Columbia Cas.Co., 98 F.Supp.2d 251, 256 (D.Conn. Mar. 31, 2000) [in determining whether privity exists, [courts] employ an analysis that focuses on the functional relationships of the parties"], citing Mazziotti v. Allstate Ins. Co., 695 A.2d 1010 (Conn. 1997); In re Teltronics Services, Inc., 762 F.2d 185, 191 (2d Cir. 1985) [determining privity by examining the relationships among the

because the Michigan District Court decision was not a decision on the merits for res judicata purposes under Semtek International Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001), and its progeny.

In Semtek, the United States Supreme Court held that the claim preclusive effect of a federal judgment dismissing a diversity action on statute of limitations grounds is determined by the law of the state in which the federal court sits. Semtek, 531 U.S. at 508-509.[5]  Hence, the claim preclusive effect of the Michigan federal court's dismissal of Plaintiff's action on statute of limitations grounds is governed by Michigan's law of claim preclusion. Id.  Under Michigan law, claim preclusion bars a subsequent action when the prior action was decided on the merits. Board of County Rd. Com'rs v. Shultz, 521 N.W. 2d at 850.  However, a decision on the basis of a statute of limitations is not a decision on the merits under Michigan law. Id, at 850; see also The Taylor Group, et al. v. ANR Storage Company, No. 98-1671, 2001 WL 1450697, at **3 (6th Cir. November 8, 2001); Furby v. White, No. 99-1712, 2001 WL 111656, at **5, (6th Cir. January 30, 2001);

---

companies]; Saudi v. V. Ship Switzerland, SA, No. 03-1307, 2004 WL 626811, **4 (4th Cir. March 31, 2004) [finding privity between subsidiary and parent company where the subsidiary was a "mere corporate vehicle" controlled by the parent].  However, other than the apparently undisputed fact that Cosmos is a subsidiary of Liberty, no evidence has been provided to the Court concerning the corporate relationship between the two entities, and the Court cannot make a finding as to whether Cosmos is in privity with Liberty based solely on representations in Defendant's briefs as to the nature of the relationship between the two companies. See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda are not evidence and do not create issues of fact for evaluation on summary judgment]; Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; cf. Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence].

[5]Defendant cites several federal court cases in its brief for the proposition that a dismissal on statute of limitations grounds is a dismissal "on the merits". See Defendant's Brief, pp. 8-9. However, only a few of these cases arise from Michigan, and of those, none are diversity cases.

Malesev v. Garavaglia, 162 N.W.2d 844, 845-846 (Mich.App. 1968).

While Defendant takes pains to point out that the Michigan District Court specifically provided in its order that the case was being dismissed "with prejudice", that was also the case with the California decision reviewed by the Supreme Court in Semtek. Semtek, 531 U.S. at 499. The Supreme Court in Semtek held that the California District Court's dismissal of that case with prejudice merely "barred refiling the same claim in the United State District Court for the Central District of California." Id, at 506.

Finally, the Defendant also cites to a Michigan court rule, 2.504(B)(3) to support its argument that the dismissal of Plaintiff's Michigan case operated as an "adjudication on the merits", further arguing that this Michigan court rule essentially mirrors Rule 41, Fed.R.Civ.P. However, the Supreme Court in Semtek specifically noted that a judgment which may technically be "on the merits" under a court rule is not necessarily a judgment entitled to claim preclusive effect, and in doing so specifically discounted the language of Federal Rule 41 in determining whether a dismissal is entitled to res judicata effect. Semtek, 531 U.S. at 503-506.

Therefore, the dismissal of Plaintiff's Michigan case is not entitled to res judicata effect in this Court. Semtek, 531 U.S. at 508-509; Schultz, 521 N.W.2d at 850; The Taylor Group, 2001 WL 1450697 at *3; Furby, 2001 WL 111656 at **5; Malesev, 162 N.W.2d at 845-846.

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary

6

judgment be **denied**.

        The parties are referred to the Notice Page attached hereto.

                                s/ BRISTOW MARCHANT
                                  Bristow Marchant
                                  United States Magistrate Judge

Columbia, South Carolina

April  19,  2005

**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
