IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Keith Mitan, | ) | C/A No.3:04-22224-CMC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Kara Gormley; and Cosmos Broadcasting | ) | **ON OBJECTIONS TO** |
| Corporation, | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| Defendants. | ) | |
| _____ | ) | |

Keith Mitan, a Michigan attorney and *pro se* Plaintiff, filed this defamation action on September 15, 2004 against Defendants Liberty Corporation ("Liberty"), WIS News 10, and Kara Gormley. Plaintiff based jurisdiction in this court on 28 U.S.C. § 1332. In their Local Rule 26.01 interrogatory responses, Defendants Liberty and WIS News 10 stated that WIS News 10 is not a legal entity, but is an asset of Cosmos Broadcasting Corporation ("Cosmos"), a wholly owned subsidiary of Liberty. Counsel for Liberty agreed to accept service of an amended summons and pleading reflecting the correct identification. On November 30, 2004, Plaintiff filed an amended complaint, naming only Kara Gormley and Cosmos as Defendants.[1] Defendant Cosmos moved for summary judgment on January 28, 2005, arguing that Plaintiff's claims are barred by *res judicata.*

Because Plaintiff Mitan is proceeding *pro se* in this matter, the case was, in accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Civil Rule 73.02 (B)(e) DSC, referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On April 20, 2005, the Magistrate Judge issued a Report recommending that

---

[1] Nothing in the record indicates that Gormley has been served with either the complaint or amended complaint, nor has she made an appearance in this case.

Cosmos' motion for summary judgment be denied. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences for failing to do so. Cosmos filed timely objections to the Report and Recommendation, to which Plaintiff filed no response. Plaintiff did not file any objections to the Report.

## BACKGROUND

This action is not the first filed by this Plaintiff based upon the same underlying facts, and those facts are not in dispute. Plaintiff and his brother were the subjects of a news story broadcast September 24, 2002 on WIS-TV. WIS-TV is owned by Cosmos, a television broadcasting company, which is in turn a wholly owned subsidiary of Liberty. A transcript of the news story was posted on the WIS-TV website that same day.

Plaintiff is a resident of the State of Michigan, and on September 24, 2003 he filed a defamation action against Liberty, WIS News 10, and Kara Gormley in Michigan state court. Service was effected on Liberty on December 23, 2003, and Liberty removed the case to the United States District Court for the Eastern District of Michigan. Liberty subsequently filed a motion for summary judgment based on Michigan's one-year statute of limitations for defamation actions, and the motion was granted on September 21, 2004. The court's order granting Defendant's motion noted that the dismissal was with prejudice. *Mitan v. Liberty Corp., et al.,* No. 04-70129 (E.D. Mich. September 21, 2004) (order granting summary judgment). Plaintiff did not appeal the dismissal.

On the same day that the Michigan district court issued its verbal ruling dismissing Plaintiff's case, Plaintiff filed this action in the United States District Court for the District of South Carolina. This action contains the same claims as were asserted in the Michigan case, and the

2

original complaint named the same Defendants. Defendant Cosmos asserts that it is entitled to summary judgment in this case because Plaintiff's claims are barred by the prior decision of the Michigan district court under the doctrine of *res judicata*.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The Magistrate Judge found that the dismissal of the Michigan case is not entitled to *res judicata* effect in this court and recommended that Defendant's motion for summary judgment be denied. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

**DISCUSSION**

The issue in this case is whether or not the decision of a Michigan federal court sitting in diversity to dismiss a previous, related case on statute of limitations grounds operates as *res judicata* to preclude relitigation of the same issues in this court.

The United States Supreme Court has held that the claim-preclusive effect of a judgment in a federal diversity action is determined by the law that would be applied by state courts in the forum in which the federal diversity court sits. *Semtek International Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 508 (2001). Thus, in this case, the preclusive effect of the Michigan district court's dismissal of Plaintiff's case is determined by the laws of the state of Michigan.

Under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979). *See also, Board of County Road Commissioners for the County of Eaton v. Schultz,* 521 N.W.2d 847, 850 (Mich. App. 1994) ("Res judicata bars a subsequent action between the same parties when the essential facts or evidence are identical.").

In this case, it is undisputed that the identity of the subject matter of the litigation is the same. However, the parties disagree as to the identity of the parties, and whether or not the previous decision was a final determination on the merits.

    **A.**    **Identity of the Parties**

One of the elements of *res judicata* is that both the prior and subsequent actions involve the same parties or their privies. *Schwartz v. Flint,* 466 N.W.2d 357 (Mich. App. 1991). Plaintiff argues that this first element of *res judicata* has not been met, because Cosmos was not a party to the first action. Cosmos, however, has submitted with its Objections the affidavit of Martha G.

Williams, Esq., to support its contention that Cosmos is in privity with Liberty, a named party in the previous action. Liberty was also a named party in Plaintiff's original complaint in this action, until Liberty's 26.01 interrogatory responses pointed out that Cosmos was the properly named party.

The affidavit of Ms. Williams establishes that she is the Vice President, Secretary and General Counsel of Liberty, as well as the Secretary and General Counsel of Cosmos. She avers that the corporate executive officers (CEO/Chairman of the Board, President, and Secretary) of both Cosmos and Liberty are the same individuals. She further testifies that Liberty owns all of the capital stock of Cosmos, and that Cosmos acts under the authority of and in the interest of Liberty. The affidavit states that Cosmos is a wholly-owned television broadcasting subsidiary of Liberty, through which Liberty owns fifteen television stations, including WIS. Finally, Williams avers that Liberty and Cosmos have an identical interest in the litigation, and that Liberty has always taken legal responsibility for Cosmos. Plaintiff has offered no evidence or argument disputing the affidavit of Ms. Williams.

Cosmos has offered compelling and uncontroverted evidence that its interests are aligned with Liberty's. Furthermore, it is disingenuous for Plaintiff to argue that the parties are not the same, when Plaintiff intended to sue and did sue the same named Defendants in both actions. For purposes of *res judicata*, both actions involve the same parties or their privies.

### B.    Final Determination on the Merits

Cosmos argues that the Michigan decision dismissing Plaintiff's claims on the basis of the statute of limitations was a decision on the merits that precludes relitigation in this action. The transcript of the Michigan hearing and the order granting Defendants' motion to dismiss with

prejudice clearly indicate that the Michigan district court intended to bring finality to this case.[2] Furthermore, it is evident that Plaintiff has engaged in forum shopping, filing this action in South Carolina the very day a Michigan district judge ruled from the bench against him. However, in spite of the compelling circumstances, the court must apply the law of claim preclusion just as a Michigan state court would. And under Michigan law, a decision based upon the statute of limitations is not a decision on the merits for purposes of *res judicata.*

"Federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity." *Semtek,* 531 U.S. at 508. However, because state rather than federal substantive law is at issue in diversity cases, there is no need for a uniform federal rule, and nationwide uniformity is better served by having the state rule of preclusion apply whether the dismissal has been ordered by a state or a federal court. *Id.* Therefore, absent a situation in which the state law is incompatible with federal interests, a federal court sitting in diversity will apply the

---

[2] During the proceedings on the motion to dismiss, the court observed:

> Plaintiff is a lawyer. He chose this particular forum .... [I]n another case, he told me what a good lawyer he was .... Taking him at his word, he should have availed himself of the jurisdiction that was most advantageous to himself. He didn't. He chose Michigan .... [T]his lawsuit has been pending for over a year .... [H]e can't now just start forum shopping at this late date .... [T]he Motion for Summary Judgment should not only be granted, but also ... the matter should be dismissed with prejudice so that there's some finality to this. I think the defendants are entitled to finality. The plaintiff is entitled to their day in court. They've had at least that, if not more and, therefore, the Court will grant the Motion to Dismiss with Prejudice.

*Mitan v. Liberty*, No. 04-70129 (E.D.Mich. September 15, 2004) (excerpt of proceedings granting motion to dismiss).

same preclusive effect to a judgment by a federal diversity court that would be applied by a state court in that same forum.[3]

Traditionally, statutes of limitation are considered procedural, leaving a plaintiff free to seek out a more hospitable forum. "With regard to the claim-preclusion issue involved in the present case ... the traditional rule is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods." *Semtek*, 531 U.S. at 504. *See also,* 18 James Wm. Moore, *Moore's Federal Practice,* § 131.30[3][g] (3d ed. 2000).

An analysis of Michigan law reveals that it follows this traditional rule. "An accelerated judgment based on the 3-year statute of limitations is not an adjudication on the merits of a cause of action." *Rogers v. Colonial Federal Savings & Loan Association of Grosse Pointe Woods,* 275 N.W.2d 499, 503 n.5 (Mich. 1979). A more recent case reached a similar result, *Ozark v. Saleh K. Kais,* 457 N.W.2d 145 (Mich. App. 1990), but Cosmos seeks to distinguish *Ozark* on its facts. However, such factual differences do not escape the clear holding of the court of appeals as to the general rule that a decision based upon the statute of limitations does not have claim preclusive effect:

> In this case, the first action was dismissed on the basis of the statute of limitations. Such a dismissal was on a technical, procedural ground. The question whether defendant was the child's father was never adjudicated. Therefore, we find that the first action was not decided on its merits. The doctrine of *res judicata* does not apply.

---

[3] No such conflict with potential federal interests exists in the present case. "There is no conceivable federal interest in giving [a statute of limitations] bar more effect in other courts than the [Michigan] courts themselves would impose." *Semtek,* 531 U.S. at 509.

*Id.* at 148. *See also, Malesev v. Garavaglia*, 162 N.W.2d 844 (Mich. App. 1968) ("The accelerated judgment granted on the first action in tort properly applied the 3-year statute of limitation and dismissed the plaintiffs' claim without deciding the merits .... As the accelerated judgment of the tort claim was not a decision on the merits, it was not *res judicata* to bar a second suit for breach of contract."); *Strachan v. Mutual Aid and Neighborhood Club, Inc.* 265 N.W.2d 66, 69 n.4 (Mich. App. 1978) *rev'd on other grounds,* 285 N.W.2d 297 (Mich. 1979) (dismissals based upon expiration of the statute of limitations are not on the merits for *res judicata* purposes, since the running of the statute merely bars access to the forum and is not a determination of the merits of the claim).

Two unpublished decisions of the Sixth Circuit recognize the difference between Michigan law and federal law on the question of whether or not a decision based upon statute of limitations constitutes a decision on the merits:

> The [Michigan state court's] finding that [Plaintiff] had failed to state a claim ... within the applicable statute of limitations would be deemed a final judgment on the merits under *federal* law. *See* Fed. R. Civ. P. 41(b). Under Michigan law, however, such a dismissal does not operate as an adjudication on the merits. *See Malesev v. Garavaglia,* 12 Mich.App. 282, 162 N.W.2d 844, 845-46 (Mich.Ct.App.1968). Accordingly, the doctrine of *res judicata* may not be invoked to preclude litigation of the instant claim against [Defendant].

*Furby v. White,* No. 99-1712, 2001 WL 111656, at *5 (6th Cir. January 30, 2001). *See also, The Taylor Group v. ANR Storage Co.,* No. 98-1671, 2001 WL 1450697 (6th Cir. Nov. 8, 2001):

> The state trial court had found for Defendant both on the merits of Plaintiffs' claims and on the basis of the statute of limitations. However, under Michigan law a prior decision may lose its preclusive effect if it is affirmed on appeal solely on grounds that are not on the merits. *Amalgamated Transit Union, Local 1564 v. Southeastern Michigan Transp. Auth.,* 437 Mich. 441, 473 N.W.2d 249, 255 (Mich. 1991); *see also* 18 James Wm. Moore et al., Federal Practice ¶ 131.30[2][c][iii] (3d ed. 2001). Further, under Michigan law, a decision on the basis of the statute of limitations is not a decision on the merits. *Bd. of County Comm'rs v. Schultz*, 521 N.W.2d 847,

> 850 (Mich. App. 1994). Here the Michigan Court of Appeals limited its review of Plaintiffs' appellate issues to the statute of limitations and affirmed the trial court solely on the basis of the statute of limitations .... Thus, the state court judgment lost its preclusive effect on appeal because it was no longer decided on the merits.

*Id.* at *3.

In spite of the above caselaw, Cosmos attempts to distinguish the present action by virtue of the Michigan district court's use of the term "with prejudice" in its order dismissing the prior suit. Cosmos argues that under Michigan law, a dismissal specifically designated "with prejudice" is a decision on the merits that precludes a subsequent similar action. This issue, however, is directly addressed in *Semtek*. The Court acknowledged that "with prejudice" is an acceptable form of shorthand for "an adjudication on the merits." 531 U.S. at 505. However, it concluded that the effect of such language "is simply that, unlike a dismissal 'without prejudice,' the dismissal in the present case [bars] refiling of the same claim in the United States District Court for the [Eastern District of Michigan]. That is undoubtedly a necessary condition, but it is not a sufficient one, for claim-preclusive effect in other courts." *Id.* at 506.

The court finds that under Michigan law, a decision rendered on statute of limitations grounds does not constitute a decision on the merits that would bar a subsequent suit in another jurisdiction, where the limitations period has not yet expired.

## CONCLUSION

For the reasons set forth above and for the further reasons given in the Magistrate Judge's Report and Recommendation, Defendant Cosmos' motion to dismiss is DENIED.

**IT IS SO ORDERED**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

July 5, 2005  
Columbia, South Carolina

C:\temp\notesFFF692\04-22224 tp mitan v. gormley.wpd